GREGORY SMTH & ASSOCIATES
225 Broadway, Suite 3601
New York, New York 10007
(212) 267-2042

May 13, 2007

**BY ECF**

The Honorable Robert M. Levy
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Fabio Taveras v. City of New York, et al.,
      06-CV-3807 (SJ) (RML)

Dear Magistrate Judge Levy:

The undersigned represents plaintiff Fabio Taveras herein. This letter motion is written to compel the City of New York to turn over certain documents that are in their exclusive possession and control. On March 15, 2007 the City of New York was served with plaintiff's first set of document requests pursuant to Fed. R. Civ. Proc. 34. To date the City has not responded to the motion however, the City did produce certain documents to plaintiff within the 30 day time period given them by the Federal Rules of Civil Procedure. However, the City defendants failed to turn over those documents listed below as plaintiff's document requests:

10.   Produce any and all documents, reports, memoranda, electronic mail, letters, facsimiles, buck slips, or recordings that the Queens High School of Teaching security office has in its possession r Regarding the Incident of August 18, 2005.

13.   Produce all documents concerning plaintiff's arrest and criminal prosecution including but not limited to, police complaint reports, (both hand written and typed) detective notes, DD5's, log book entries, 911 Sprint Reports, arrest reports, unusual occurrence reports.

17.   Produce any and all documents, including training manuals, policy statements, memorandums, and procedures relating to training police

        officers or detectives in investigating criminal complaints made by civilians that were duly adopted, promulgated, and in effect on August 18, 2005.

19.     Produce any and all records concerning disciplinary action taken against City of New York Police Officers and Detectives for false arrest since January 1, 2000 to present.

21.     Produce any all documents that have written on them any communication/statement(s) that defendant Hughes made or undertook in connection with the decision to file a criminal complaint against Plaintiff.

30.     Produce any and all procedures or guides utilized by the New York City Police Department to instruct officers/detectives how to determine if they have probable cause to enable them to make a lawful arrest without warrant.

All of the above document requests are material and relevant to this litigation. As to request numbered 10 there has been testimony during the depositions from various witnesses including Det. Hughes that Witness Larry Powell who was a school safety officer passed away in July of 2006 but that he took notes and filed a report on behalf of plaintiff. Although, the City did turn over a report that was filed by Mr. Powell as testified to by Det. Hughes, there should be more paperwork at the High School for Teaching, specifically, in the Security Office including, but not limited to, handwritten notes, a hand written complaint report and other incident reports that the school safety department should be required to maintain. These documents are probative of the allegations made by plaintiff against Defendant Ortiz.

As to items numbered 13 and 21 during the deposition of Det. Hughes, it became quite clear that he had taken handwritten notes during his investigation that led to the arrest of plaintiff. The witness also testfied to an arrest log book maintained for August 29, 2005 (the date of plaintiff's arrest). The witness stated that in the front of the "arrest log book" maintained at the 105th Precinct that certain arrest information including signatures of the arresting officer(s) appears and in the back of the log book a page is devoted to the arrest of the plaintiff or person being arrested on any specific day. There is testimony by plaintiff that he called 911 for the police and for an ambulance. Therefore, a hard copy of the Sprint report should exist. All of these documents are relevant to the issue of probable cause for the arrest. The undersigned called for these notes on the record and Ms. Frommer answered, "put it in writing and I will consider it." She has not responded to plaintiff's document demands. Accordingly, the City has defaulted.

As to demand numbered 19 the City defendants have defaulted in not responding to plaintiff's demand for these documents. Accordingly, the City should be compelled to turn them over. These documents are probative of plaintiff's § 1983 claim.

As to demands numbered 17 and 30, Det. Hughes testified extensively that he was issued a "Police Patrol Guide" at the Police Training Academy and that the 105th Precinct keeps a copy

of an up to date patrol guide also, that there was a police patrol guide in effect on August 29, 2005. I ask the City to produce the arrest and investigation sections of the Police Patrol Guide. This is relevant as to whether Det. Hughes followed proper police procedure when effecting the arrest of Mr. Taveras.  These sections may be probative of the issue of probable cause as well. Det. Hughes testified that he did not reference the patrol guide prior to making the arrest of plaintiff.

Lastly, defendant Raymond Ortiz refused to give his home address on the record during his deposition. He stated that he was concerned about Mr. Taveras retaliating against him with out citing any support or evidence.  Plaintiff is not in possession of his home address and with due diligence cannot ascertain it. The Court Clerk has noted that defendant Ortiz is in default. According to Mr. Ortiz's sworn testimony he is still employed at the High School for Teaching, as such defendant John Pattay who is a City employee has possession of Mr. Ortiz's employment record and his home address.  Request is made that the City defendants be compelled to turn over to plaintiff defendant Ortiz's home address for the purpose of prosecuting the default against him.  Furthermore, request is made that defendant Ortiz's self serving deposition testimony be stricken from the record as he is in default of this Court. If his testimony is not stricken that would be another reason why plaintiff needs his home address. Defendant Ortiz is now required to be a witness at trial if one should occur and plaintiff needs assurance that he can be served with a material witness subpoena at trial.

For the reasons stated above, it is respectfully requested that the Court order the City of New York to turn over to plaintiff those documents listed above and such other and further relief as to this Court seems just and proper.

Respectfully Submitted,

\s\

Gregory G. Smith (GS9900)

cc: Hillary Frommer (by ECF)